IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KESHAWN AYERS, )<br>　　Plaintiff, )<br>　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　)<br>SERGEANT BUFORD, ET AL., )<br>　　Defendants. ) | Civ. No. 2:23-cv-02772-SHM-tmp |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART, AND GRANTING LEAVE TO AMEND**

On December 11, 2023, Plaintiff Keshawn Ayers, booking number 22115911, an inmate at the Shelby County Criminal Justice Center ("SCCJC") in Memphis, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1-2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 4.)

For the reasons that follow, the complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part. Leave to amend the claims dismissed without prejudice is GRANTED. The Clerk is DIRECTED to modify the docket to add Shelby County, Tennessee, as a Defendant.

**I.　BACKGROUND**

Ayers alleges that on March 27, 2023, he was mistakenly "placed on suicide watch" by Sergeant Shelton. (ECF No 1 at PageID 3.) Ayers alleges that he was taken to a cell with "human waste and trash everywhere." (*Id*.) Ayers alleges that Officer Avalos and Sergeant Buford saw

the waste and trash, but "still instructed [Ayers] to [enter] the cell." (*Id*.)  Ayers alleges that he refused to enter the cell and demanded that it be "cleaned out." (*Id*.)  Ayers alleges that Officer Avalos and Sergeant Buford told Ayers that they did not have time to clean the cell. (*Id*.)  Ayers alleges that "they" told him to "either step in[to] the cell or get thrown in[to] the cell." (*Id*.)  Ayers alleges that he asked Officer Avalos and Sergeant Buford to call a supervisor, and instead, Officer Turner and "five DRT members were called to the scene." (*Id*.)  Ayers alleges that he was "immediately sprayed with tear gas and [forcibly] taken to the ground." (*Id*.)  Ayers alleges that he was "handcuffed the whole time" and was "not a threat." (*Id*.)

Ayers alleges that after he "was assaulted," he was "taken to medical," but he was not allowed to "wash the chemical spray off." (*Id*.)  Ayers alleges that "medical has [refused] to check and treat [him] for the constant aches and pains in [his] back." (*Id*.)  Ayers alleges that he "filed a grievance that was ignored." (*Id*.)

Ayers alleges that he is "routinely . . . subjected to violence, extortion, rape, and assaults" at the SCCJC. (*Id*. at PageID 2.)  Ayers alleges that SCCJC is overcrowded and that there is inadequate supervision, which has resulted in "increase[ed] availability of weapons," and a "lack of segregation areas." (*Id*. at PageID 3.)

The Court construes Ayers' complaint to allege claims of: (1) excessive force, (2) deliberate indifference to medical needs, (3) unconstitutional conditions of confinement, and (4) inadequate prison grievance procedure.  (*See id*. at PageID 2-3.)

Ayers sues Defendants: (1) Sergeant First Name Unknown ("FNU") Buford, (2) Sergeant FNU Shelton, (3) Sergeant FNU Austin, (4) Lieutenant FNU Brown, (5) Officer FNU Avalos, (6) Officer FNU Turner, (7) "DRT" John Doe #1, (8) "DRT" John Doe #2, (9) "DRT" John Doe

#3, (10) "DRT" John Doe #4, and (11) "DRT" John Doe #5. (*Id*. at PageID 2.) Ayers does not allege whether he sues Defendants in their individual or official capacities. (*See id*.)

Ayers seeks $1,000,000 in compensatory damages for "physical, mental, and emotional injury." (*Id*. at PageID 4.)

## II. SCREENING THE COMPLAINT

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to

make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

B.  **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Ayers sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. **ANALYSIS**

A.  **Prison Grievance Process**

Ayers alleges that his prison grievance "was ignored." (ECF No. 1 at PageID 3.) To the extent that Ayer's allegation could be construed as a challenge to the prison grievance procedure, Ayers has failed to state a claim under § 1983.

"[T]here is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A plaintiff's allegation that jail staff

failed to act on his grievances does not state a § 1983 claim because prisoners do not have a constitutional right to a prison grievance procedure *Id*. Ayers' claim about the prison grievance procedure is DISMISSED WITH PREJUDICE for failure to state a claim as a matter of law.

### B. John Doe Defendants

Ayers sues "DRT" John Does #1-5 (the "John Doe Defendants"). (ECF No. 1 at PageID 2.) Ayers fails to allege a cognizable claim against the John Doe Defendants. Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in a complaint. Service of process cannot be made on an unidentified party, and the filing of a complaint against an unknown defendant does not toll the running of the statute of limitation. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016) ("The Sixth Circuit treats naming a specific individual in place of a John Doe as joinder of a new party." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996))). Before Ayers can proceed against the John Doe Defendants, Ayers must first identify the individuals and re-allege his claims against them.[1]

Ayers' allegations against the John Doe Defendants fail to state a claim to relief, and those claims are DIMISSED WITHOUT PREJUDICE.

### C. Official Capacity Claims Against Individual Defendants

Ayers does not allege whether he sues Sergeant Buford, Sergeant Shelton, Sergeant Austin, Lieutenant Brown, Officer Avalos, and Officer Turner (the "Individual Defendants") in their individual or official capacities. (*See* ECF No. 1 at PageID 1-2.) It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do

---

[1] The Sixth Circuit has explained that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 240. Ayers must meet the requirements of Federal Rule of Civil Procedure 15(c) "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Id.*

5

so is not fatal if the "course of proceedings" test indicates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). That test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id*. at 772 n.1. The course of proceedings test also considers subsequent pleadings if they are filed in the early stages of litigation. *Id*.

Ayers' complaint identifies the Individual Defendants by their official titles, contains no language asserting individual capacity claims against the Individual Defendants, and seeks damages in general. (*See* ECF No. 1 at PageID 2-4.) The Court will treat Ayers' claims against the Individual Defendants as official capacity claims. *See Moore*, 272 F.3d at 772.

Ayers' § 1983 claims against the Individual Defendants in their official capacities are treated as claims against the Individual Defendants' employer at the time the complaint was filed— *i.e.*, Shelby County (the "County"). *See Jones v. Union Cnty.*, 296 F.3d 417, 421 (6th Cir. 2002)). The County may be held liable only if Ayers' injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to

6

action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Ayers' complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. Ayers' allegations are based on his particular experience at the SCCJC. (*See* ECF No. 1 at PageID 2-3.) Ayers does not state a claim to relief against the County or the Individual Defendants in their official capacities because Ayers fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Ayers.

Ayers' § 1983 claims against the County and his official capacity claims against the Individual Defendants are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court GRANTS leave to amend the claims dismissed without prejudice.

An amended pleading must be filed within 21 days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. If Ayers decides to amend the complaint, he shall: (1) comprehensively and particularly list, in <u>one</u> document, all defendants and all claims within this Court's jurisdiction; and (2) submit the amended complaint on the Court's official form. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Ayers must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. All claims alleged in the amended complaint must arise from the facts alleged in the original complaint.

If Ayers fails to file an amended complaint in a timely manner, the Court will dismiss the original complaint and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## V.   CONCLUSION

For the reasons explained above:

A. Ayers' claim about the prison grievance procedure is DISMISSED WITH PREJUDICE for failure to state a claim as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Leave to amend is DENIED.

B. Ayers' claims against the John Doe Defendants, the County, and the Individual Defendants in their official capacities (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). Leave to amend the Claims Dismissed Without Prejudice is GRANTED. Ayers may amend his claims within 21 days of the date of this Order, under the guidelines set forth *supra*.

C. Ayers is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Ayers fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this *17th* day of July, 2025.

           */s/ Samuel H. Mays, Jr.*
           SAMUEL H. MAYS, JR.
           UNITED STATES DISTRICT JUDGE